


**ORDERED in the Southern District of Florida on June 24, 2014.**

**Raymond B. Ray, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

In re:

Stenor, Velina

Case No: 14-10835
Chapter 13

Debtor /

**AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANMICH MORTGAGE LOAN TRUST, SERIES 2012-13 (serviced by Carrington Mortgage).**

THIS CAUSE came on before the court without hearing upon the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE: 15; the "Motion"). The Court having considered the motion, having noted that the parties are in agreement, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the Debtor's real property (the "Real Property") located at 5513 SW 9 PL MARGATE FL 33068, and more particularly described as HERITAGE PINES 99-10 B LOT 41 BLK B is $130,000.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Christiana Trust, A Division of Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-13 (the "Lender") is $0.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the liens of Lenders is $130,000.00 and Lender has a secured interest in the Real Property in such amount to be paid at 5.25%.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $130,000.00 to be paid at 5.25%.

3. [*Include only if appropriate*: Because Lender's secured interest in the Real Property is $___, Lender's mortgage recorded on __ at OR BOOK ___ Page __ of the official records of __ County, Florida shall be deemed modified per the terms in "other provisions" of the Debtor's Chapter 13 Plan, without further order of the Court, upon entry of the Debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgages will no longer be considered modified and shall be restored as a lien on the Real Property.]

4. (Select only one):

_____ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general

unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

__X__ Lender filed a proof of claim in this case (POC#:2). It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $172,900.13, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

**Submitted By:**
The Law Office of Emil Fleysher, P.A.
Emil Fleysher, Esq. / FL Bar # 81966
715 E. Hillsboro Blvd., Suite 100
Deerfield Beach, FL 33441
Tel. 954-484-9987
E-mail efleysher@fleysherlaw.com

Attorney Emil Fleysher is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.